## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| BRYAN ROBBINS & MARVIN FEIGES, on behalf of themselves, all others similarly situated, and the general public,<br><br>   Plaintiffs,<br><br>v.<br><br><br>THE COCA-COLA COMPANY, a Delaware Corporation,<br><br>   Defendant. | Miscellaneous Case<br><br>Case No.:<br><br>Lead Case Pending in the Southern District of California Civil Action No.: 3:13-cv-00132-JLS-WVG<br><br>**PLAINTIFFS' MOTION TO ENFORCE SUBPOENAS ON HELLOWORLD, INC.**<br><br>**(Document Subpoena Req. Nos. 1-7, 17 as narrowed; and 30(b)(6) Deposition Subpoena)** |

Plaintiffs Bryan Robbins and Marvin Feiges through undersigned counsel, respectfully move pursuant to Fed. R. Civ. P. 45, to enforce the Subpoenas *duces tecum* (Document Subpoena) and *ad testificandum* (Deposition Subpoena) (together referred to as the "Subpoenas") served on HelloWorld, Inc. ("HelloWorld") in connection with the above-referenced action. The Subpoenas direct HelloWorld to produce a narrowly defined set of documents that are highly relevant to the prosecution of the underlying action and for the HelloWorld witness most knowledgeable to appear at a deposition to provide testimony on the same

subjects.  In compliance with L.R. 7.1(a)(2)(A), L.R. 37.1, counsel for Plaintiffs have met and conferred with counsel for HelloWorld and were unable to obtain concurrence with the relief requested.  As set forth in the Memorandum of Law in support of this motion, good cause exists for the court to grant this motion.

A proposed order is attached.

Respectfully submitted,

VARNUM

Attorneys for Plaintiffs and the Proposed Class

Dated: April 25, 2014

By:___/s/ Perrin Rynders_____
        Perrin Rynders (P38221)
Business Address, Telephone, and E-mail:
        P.O. Box 352
        Grand Rapids, MI  49501-0352
        (616) 336-6000
        prynders@varnumlaw.com

John W. Barrett
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jbarrett@baileyglasser.com

*Co-Counsel for Plaintiffs and the Proposed Class*

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ...................................................................................1

II.  BACKGROUND ..................................................................................3

   A.  The Complaint ...............................................................................3

   B.  Investigation To Date Has Uncovered Defendant's "Text Sending"
       Vendors...........................................................................................4

   C.  The Subpoenas ..............................................................................5

III. ARGUMENT.......................................................................................9

   A.  HelloWorld Should be Compelled to Fully and Properly Comply With The
       Subpoenas.......................................................................................9

   B.  HelloWorld Should Be Compelled to Produce Documents and
       Communication that refer or relate to the Plaintiffs' numbers, Documents
       Concerning the Agreements and Instructions between HelloWorld and
       Coca-Cola, and HelloWorld's Record Keeping Practices ..........................10

   C.  HelloWorld Should Produce its 30(b)(6) Witness for Deposition .............16

IV.  CONCLUSION..................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Coleman v. Dist. of Columbia*, 275 F.R.D. 33 (D. D.C. 2011)..................................7

*Gomez v. Campbell-Ewald Co.*, CV 10-02007 DMG CWX, 2013 WL 655237
   (C.D. Cal. Feb. 22, 2013)....................................................................................11

*Himes v. Client Servs.. Inc.*, 12-CV-321-PB, 2014 WL 24258 (D. N.H. Jan. 2,
   2014) ...................................................................................................................11

*Rendon Grp., Inc. v. Rigsby*, 268 F.R.D. 124 (D. D.C. 2010)..................................7

*Robbins v. The Coca-Cola Co.*, 13-CV-132-IEG NLS, 2013 WL 2252646 (S.D.
   Cal. May 22, 2013) .............................................................................................11

*Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498
   (W.D. Pa. 2011) ..................................................................................................12

*Whittingham v. Amherst Coll.*, 164 F.R.D. 124 (D. Mass. 1995)..............................8

**Rules**

Fed. R. Civ. P. 26(b)(1)...............................................................................................8

Fed. R. Civ. P. 37(a)(1)...............................................................................................8

Fed. R. Civ. P. 45(a)...................................................................................................7

Fed. R. Civ. P. 45(b) ..................................................................................................7

Fed. R. Civ. P. 45(c)(2)(B)(i)......................................................................................8

## I.      INTRODUCTION

Plaintiffs Bryan Robbins and Marvin Feiges instituted a class action lawsuit in the Southern District of California against The Coca-Cola Company ("Coca-Cola" or "Defendant"), for violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") for unauthorized text messaging to Plaintiffs' cell phones between 2010 and early 2012. Plaintiffs learned through discovery that Coca-Cola engaged the services of HelloWorld, Inc. ("HelloWorld") for text messaging campaigns. Plaintiffs served Subpoenas on HelloWorld for relevant documents and testimony. *See* Declaration of Ronald A. Marron ("Marron Decl."), Ex. A. In support of a summary judgment motion, Coca-Cola submitted the Declaration of HelloWorld's VP of Technology, admitting to HelloWorld's text messaging services for Coca-Cola and attesting that HelloWorld searched but "found no record of any text messages being sent to either of these [Plaintiffs'] telephone numbers." *See* Marron Decl., Ex. B.

On February 26, 2014, pursuant to an extension granted by Plaintiffs, HelloWorld served a set of conclusory objections to the Document Subpoena, but did not serve any objection to the Deposition Subpoena. *See* Marron Decl., Ex. C.

Although Plaintiffs reasonably expected HelloWorld to produce documents electronically from its counsel's office in Connecticut or HelloWorld's place of business in Michigan, Plaintiffs set forth in the Document Subpoena the address of

Plaintiffs' counsel in the event HelloWorld instead were to produce documents by mailing them. HelloWorld never objected to the stated "location" for production. *See* Marron Decl., Ex. C. Nevertheless, on March 13, 2014, Plaintiffs served an Amended Document Subpoena on counsel for HelloWorld (pursuant to an agreement to accept service), identical in all respects to the original Document Subpoena except setting forth as the technical place of production HelloWorld's office in Michigan, even if documents simply would be mailed from there, "or" plaintiffs' counsel's email address in the event HelloWorld preferred to email the documents from Michigan. *See* Marron Decl., Ex. D.

Significantly, in serving the Amended Document Subpoena, Plaintiffs expressly agreed that HelloWorld's prior Objections/Response to the original Document Subpoena, and Plaintiffs' related correspondence narrowing the requests, apply equally to the Amended Subpoena, with "no need for [HelloWorld] to serve any Objections/Response to the Amended Subpoena, instead the parties can rely on the previously-served Objections/Response as well as the follow up correspondence." *See* Marron Decl., Ex. E (March 18, 2014 3:10 PM email).

In sum, despite meet and confer efforts and the narrowing of requests, as detailed herein, HelloWorld refuses to produce a single responsive document, and will not agree to a deposition.  The requested documents and testimony are relevant to the issues in the underlying case, and HelloWorld's objections lack

merit. Plaintiffs respectfully request that the Court compel HelloWorld's compliance with the Subpoenas, through issuance of an order directing HelloWorld:

> (1) to produce all non-privileged documents responsive to Document Subpoena Request Nos. 1-7 and 17 as narrowed, within a week of this Court's order, by overnight mail to Plaintiffs' counsel's office;

> (2) to provide at the same time a privilege log, as required by Rule 45, for documents that HelloWorld withholds on the basis of a claimed privilege; and

> (3) to identify its Rule 30(b)(6) witness, and available dates for the deposition, to be scheduled between one and two weeks after the document production.

## II.    BACKGROUND

### A.    The Complaint

The underlying matter is a nationwide class action filed in the Southern District of California alleging that defendant The Coca-Cola Company ("Coca-Cola" or "Defendant") negligently and/or willfully contacted Plaintiffs through "Short Message Services" ("SMS") or "text" messages on Plaintiffs' cellular telephones without Plaintiffs' consent, thereby invading Plaintiffs' privacy in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA").  *See* Marron Decl., Ex. F (Complaint).

Like the majority of cases arising under the TCPA, the relevant facts alleged at the pleading stage in the Complaint are not particularly complex. This is a

"texting" or SMS "short message" case. SMS is a messaging system that enables cellular telephones to send and receive short text messages, usually limited to 160 characters. Complaint, ¶ 9. A text message is a call that is directed to a wireless device though the use of the telephone numbers assigned to the device. Complaint, ¶ 10. Cell phone users frequently must pay their wireless service providers for each text message they receive, or for a cellular text messaging plan, whether or not they authorize the receipt of the text message. Complaint, ¶¶ 11, 18. These SMS cases are becoming more common as companies search for additional ways to market their products, sending thousands of these text messages at a time, while violating consent requirements. As alleged in the underlying case, Cola-Cola has marketed its products by sending advertisements via SMS or text messaging to consumers.   Complaint, ¶ 12. Having received Cola-Cola's unsolicited text messages, Plaintiffs brought suit under the TCPA, to stop Defendant's wrongful conduct and recover statutory damages.  Complaint, ¶¶ 13-16.

## B.    Investigation To Date Has Uncovered Defendant's "Text Sending" Vendors

On August 23, 2013, Plaintiffs served discovery requests on Coca-Cola, including Interrogatory No. 15 for identification of Coca-Cola vendors involved in marketing Coca-Cola products through text messaging. Coca-Cola refused to identify its vendors, and Plaintiffs filed a motion to compel. On December 17, 2013, Magistrate Judge Gallo ruled that "Plaintiffs' Motion to Compel a further

response to ROG No. 15 is **GRANTED**." *See* Marron Decl., Ex. G at p. 19 (Discovery Order). On January 24, 2014, Coca-Cola served its supplemental interrogatory response, identifying certain vendors involved in text message marketing of Coca-Cola products, including HelloWorld.

Since Plaintiffs allege receiving unauthorized Coca-Cola advertising in the form of text messages, and Coca-Cola identifies HelloWorld as one of its text message marketing vendors, third party discovery of HelloWorld through the well-settled procedures of Fed. R. Civ. P. 45 is highly relevant to the issues in the underlying case.

### C.    The Subpoenas

On January 31, 2014, pursuant to Fed. R. Civ. P. 45, Plaintiffs served a Subpoena *duces tecum* on HelloWorld, for production of documents responsive to 18 requests, all relating directly or indirectly to text messaging activities on behalf of Coca-Cola, including but not limited to any records referring to Plaintiffs' cell phone numbers. The Subpoena *duces tecum* ("Document Subpoena") and proof of service is attached as Exhibit A to the Marron Declaration.  Also on January 31, 2014, Plaintiffs served a Rule 45 Subpoena *ad testificandum* on HelloWorld, for deposition testimony under Fed. R. Civ. P. 30(b)(6) on the same subjects as set forth in the requests of the Document Subpoena. The Subpoena *ad testificandum*

("Deposition Subpoena") and proof of service is also attached as Exhibit A to the Marron Declaration.

On February 20, 2014, Coca-Cola filed a response in support of its summary judgment motion in the underlying case (in the form of an Opposition to Plaintiffs' ex parte Rule 56(d) Application to deny summary judgment and allow time to take discovery). *See Robbins*, Dkt. No. 46.  Notably, Coca-Cola's response included a Declaration of HelloWorld's VP of Technology, Nick Soulliere, admitting to HelloWorld's text messaging services for Coca-Cola, and attesting that HelloWorld searched but "found no record of any text messages being sent to either of these [Plaintiffs'] telephone numbers." *See* Marron Decl., Ex. B.

On February 26, 2014, HelloWorld served Objections and Responses to the Document Subpoena (HelloWorld did not serve any objection or response to the Deposition Subpoena).  *See* Marron Decl., Ex. C.  In its Objections/Response, HelloWorld did not indicate any willingness to produce any responsive documents.

On March 5, 2014, by way of a detailed correspondence explaining each request and the reason why production was needed, Plaintiffs sought a "meet and confer" conference with HelloWorld regarding its objections to the document requests during the week of March 10. *See* Marron Decl., Ex. H. In response to Plaintiffs' correspondence, counsel for HelloWorld sent email correspondence on March 8 stating counsel was unavailable March 10th – 12th, however could meet

and confer March 13th or 14th. *See* Marron Decl., Ex. I (March 8, 2014 3:22 PM email). Counsel thereafter arranged a conference on March 13th, however an hour and a half prior to the arranged conference, counsel for HelloWorld canceled and requested a conference the following Monday, March 17. *See* Marron Decl., Ex. J (March 13, 2014 11:28 AM email).

On March 17, counsel for the parties met and conferred regarding each document request.  *See* Marron Decl., ¶ 12. Requests 2-7 of the Document Subpoena specifically refer to documents and communications related to the Plaintiffs' cellular telephone numbers in the underlying matter. *See* Marron Decl., Ex. A. HelloWorld had only provided boilerplate objections in its response to Requests 2-7, and did not provide any substantive response as to the search it conducted for records relating to Plaintiffs' numbers.  During the conference counsel for HelloWorld merely repeated that HelloWorld found no record of any text messages being sent to either of the Plaintiffs' telephone numbers provided in the Subpoena. *See* Marron Decl., ¶ 13. But the actual requests specifically seek "all communications…that refer or relate to the phone number[s]" of the Plaintiffs, "[a]ll documents that relate to how [HelloWorld] acquired the phone number[s]" of the Plaintiffs, and "[a]ll documents containing or that refer or relate to the phone number[s]" of the Plaintiffs. Counsel for HelloWorld advised that HelloWorld only conducted a search for incoming and outgoing messages to the Plaintiffs' numbers.

*Id.* HelloWorld <u>has not</u> and <u>will not</u> conduct a general search of its records for documents and communications related to the Plaintiffs' numbers (from January 16, 2009 to the present, as narrowed by Plaintiffs during the conference), regardless of whether those same records constitute incoming or outgoing messages. *Id.*

Furthermore, during the conference, counsel for Plaintiffs further narrowed each remaining request to "documents sufficient to identify and describe …" rather than "all documents that relate" to the specific subject of each request. *See* Marron Decl., ¶ 14. As Plaintiffs explained during the conference, this narrowing would essentially only require HelloWorld to produce a very limited amount of documents on each subject, perhaps even just one or two on any given subject, so long as they were sufficient to identify and describe the subject. *See* Marron Decl., ¶ 14.

In addition, for the purpose of this Motion, Plaintiffs further narrow the Document Subpoena to Request No. 1-7 and 17.

In sum, the following identifies the eight document requests, as further narrowed by Plaintiffs through the prior meet and confer process, for which HelloWorld steadfastly refuses to produce responsive documents, and for which Plaintiffs now move to compel:

Request No. 1: All contracts, agreements, written understandings, and instructions between HelloWorld and Coca-Cola, in effect from January 16,

2009 until the present, which relate to HelloWorld text messaging/mobile messaging services.

Request No. 2: All DOCUMENTS containing or that REFER or RELATE TO the phone number (619) 779-3203.

Request No. 3: To the extent not duplicative or prior requests, all COMMUNICATIONS between YOU and COCA-COLA containing, or that REFER or RELATE TO the phone number (619) 779-3203.

Request No. 4: To the extent not duplicative or prior requests, all DOCUMENTS that RELATE TO how YOU acquired the phone number (619) 779-3203.

Request No. 5: All DOCUMENTS containing or that REFER or RELATE TO the phone number (443) 529-6948.

Request No. 6: To the extent not duplicative or prior requests, all COMMUNICATIONS between YOU and COCA-COLA containing, or that REFER or RELATE TO the phone number (443) 529-6948.

Request No. 7: To the extent not duplicative or prior requests, all DOCUMENTS that RELATE TO how YOU acquired the phone number (443) 529-6948.

Request No. 17: Documents sufficient to identify and describe in detail YOUR document retention procedures, policies and practices, from January 16, 2009 to the present, including without limitation such DOCUMENTS that REFER, RELATE TO or REFLECT COMMUNICATIONS, instructions, understandings, or requests from COCA-COLA that RELATE TO such document retention procedures, policies and practices.

## III.   ARGUMENT

### A.   HelloWorld Should be Compelled to Fully and Properly Comply With The Subpoenas As Narrowed

Rule 45 of the Federal Rules of Civil Procedure provides the framework for

securing from non-parties, through the use of subpoenas, documents including

electronically stored information, as well as testimony and tangible things, relevant to a pending litigation. Fed. R. Civ. P. 45(a), (b). It is well settled that the scope of a Rule 45 subpoena is informed by Rule 26, which governs civil discovery generally. *E.g., Coleman v. Dist. of Columbia*, 275 F.R.D. 33, 36 (D. D.C. 2011); *Rendon Grp., Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D. D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it."). Rule 26(b)(1) provides that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1).

As uniformly recognized throughout the federal court system, "[a]s a general matter, relevancy must be broadly construed at the discovery stage, that is information is discoverable if there is **any possibility** it **might** be relevant to the subject matter of the action." *Whittingham v. Amherst Coll*., 164 F.R.D. 124, 126 (D. Mass. 1995) (emphasis added). The Federal Rules also provide federal courts with the power to compel compliance with subpoenas that seek relevant information. *See* Fed. R. Civ. P. 45(c)(2)(B)(i); Fed. R. Civ. P. 37(a)(1).

**B.     HelloWorld Should Be Compelled to Produce Documents and Communication that refer or relate the Plaintiffs' numbers, Documents Concerning the Agreements and Instructions between HelloWorld and Coca-Cola, and HelloWorld's Record Keeping Practices**

Plaintiffs in the underlying action have provided sworn deposition testimony regarding unauthorized text messages that they received between 2010 and early 2012 that advertised Coca-Cola products. However, as is often the case in these matters, due to the annoying nature of unwanted text messages, Plaintiffs deleted the Coca-Cola text messages from their cell phones. Coca-Cola did not itself directly send the text messages, but instead engaged the services of outside vendors that are in the business of conducting text message marketing campaigns on behalf of their clients. Although it resisted discovery, Coca-Cola was compelled by the court in the underlying action to identify its text message marketing vendors, specifically to enable Plaintiffs to obtain discovery from these vendors. *See* Discovery Order, *Robbins*, Dkt. No. 35, attached as Marron Decl. Ex. G, at p. 18 ("The Court has granted Plaintiffs' Motion to Compel a further response to ROG No. 15 below, and thus, Plaintiffs will have the identity of each vendor used by Defendant [Coca-Cola] that involved the marketing of Defendant's products via the use of text messaging during the class period"). Pursuant to the court's discovery order, Coca-Cola identified HelloWorld as one of these text messaging vendors.

**Request No. 1 as narrowed** seeks the contracts, agreements, understandings and instructions governing HelloWorld's relationship with Coca-Cola during the class period relating to text messaging services. This information is highly relevant

to the issue of whether, how and to what extent the business relationship involved the acquisition, maintenance, distribution, circulation, deletion and other disposition of the cell phone numbers that HelloWorld uses to conduct its text messaging campaigns on behalf of Coca-Cola. Indeed, such information is reasonably calculated to lead to the discovery of admissible evidence as to the extent to which HelloWorld has constructed a mobile text messaging business model with the effect, if not the actual intent, of quickly discarding or otherwise concealing cell phone records to enable itself and Coca-Cola to better avoid or defeat claims of unauthorized text messaging.

As with Coca-Cola refusing to identify its text messaging vendors until compelled by court order (only after a many-month process of service of discovery requests, service of responses, required meet and confer correspondence and conferences, and motion practice finally leading to discovery orders), HelloWorld, by a request for an extension to only then produce objections and then the delay of a meet and confer conference, has pursued the same delay tactics and obstructionist litigation strategy as employed by its Coca-Cola client. Essentially, HelloWorld has added a second layer of obstruction to discovery, adamantly refusing to produce a single responsive document despite Plaintiffs unilaterally and repeatedly narrowing the scope of the Document Subpoena. Together, Coca-Cola and HelloWorld are playing a shell game with relevant information, hiding it for as

12

long as possible, and potentially forever depending on how long HelloWorld maintains such information.

At this point, due to the limited information produced thus far, Plaintiffs are unaware if documents and communications related to Plaintiffs' numbers are even still in existence, thus documents governing HelloWorld's relationship with its Coca-Cola client in rendering text messaging services are of increased probative value, including those describing the different text messaging campaigns that HelloWorld conducted for Coca-Cola during the relevant time period, how HelloWorld obtained phone numbers for those Coca-Cola campaigns, the extent to which Coca-Cola owns or otherwise has control over the phone numbers and databases containing phone numbers and call record information, what HelloWorld did for Coca-Cola with the numbers, who HelloWorld sent the numbers to on behalf of Coca-Cola, how (and for how long) HelloWorld maintained and accessed those numbers to provide its services to Coca-Cola, what HelloWorld did upon receiving responses (including removal requests) from those it sent text messages to on behalf of Coca-Cola, and when, how and why HelloWorld deleted, transferred, and otherwise disposed of those numbers (for example, at Coca-Cola's instruction or otherwise as governed by HelloWorld's contracts, agreements and understandings with Coca-Cola). All such information is highly relevant in that, among other things, it is likely (at least inferentially and circumstantially) to

corroborate Plaintiffs' testimony that they received unauthorized text messages advertising and promoting Coca-Cola products from 2010 to early 2012.

**Request No. 2-7 as narrowed** seek documents and communications that refer or relate to the Plaintiffs' phone numbers. In response to Plaintiffs' Document Subpoena, HelloWorld claimed during the meet and confer conference that it searched its records for any **text messages being sent** to either of the Plaintiffs' telephone numbers. However, HelloWorld <u>has not</u> and <u>will not</u> conduct a general search of its records for documents and communications related to the Plaintiffs' numbers (limited in scope by Plaintiffs' counsel during the conference to January 16, 2009 to the present). Such a search is highly relevant, as it is extremely likely that if HelloWorld indeed has records referring or relating to the Plaintiffs' numbers, then text messages were in fact sent to Plaintiffs as Plaintiffs allege in their Complaint.

The fact that HelloWorld searched only for text messages, but will not search for **any** record of Plaintiffs' numbers in its databases is very suspicious, and suggests that HelloWorld already knows that it sent text messages to Plaintiffs' numbers, but hides that by relying on the fact that it maintains its records in a manner that would no longer show the actual texting to those numbers, yet still have a record of the numbers themselves. There could hardly be information more

relevant to the underlying case, and HelloWorld should not be permitted to conceal such evidence.

**Request No. 17 as narrowed** seeks documents sufficient to describe in detail HelloWorld's record retention policies, procedures and practices during the class period, including those relating to communications, instructions, understandings, and requests involving Coca-Cola.

Among other things, such information is relevant to the issue of whether HelloWorld has constructed an irresponsible record retention policy or practice, intentionally or negligently, (especially in light of the 4-year statute of limitations for TCPA claims, and the fact that "express consent" is an affirmative defense to be established by those accused of unauthorized text messaging under the TCPA).[1] The requested documents are also relevant whether HelloWorld has acted in accordance or inconsistently with its record retention policies and practices, and whether in the underlying case there should be negative evidentiary inferences

---

[1] In TCPA actions, express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof. *Himes v. Client Servs. Inc.*, 12-CV-321-PB, 2014 WL 24258 (D. N.H. Jan. 2, 2014); *see also Robbins v. The Coca-Cola Co.*, 13-CV-132-IEG NLS, 2013 WL 2252646 (S.D. Cal. May 22, 2013). A four-year statute of limitations applies to TCPA claims. *Gomez v. Campbell-Ewald Co.*, CV 10-02007 DMG CWX, 2013 WL 655237 (C.D. Cal. Feb. 22, 2013). Thus, as the defendant bears the burden of proof as to express consent, it would make sense that consent records are maintained by and on behalf of defendant for, at the very least, the statute of limitation period.

based on spoliation of evidence arising from HelloWorld's irresponsible document retention policies and practices.[2]

### C.    HelloWorld Should Produce its 30(b)(6) Witness for Deposition

It is undisputed that HelloWorld was properly served with a Subpoena for the deposition of a 30(b)(6) witness. Further, HelloWorld has provided a declaration to Coca-Cola to use in support of its response to Plaintiffs' ex parte application pursuant to Rule 56(d). The declaration is signed by Nick Soulliere, VP of Technology for HelloWorld, attesting that HelloWorld searched but "found no record of any text messages being sent to either of these [Plaintiffs'] telephone numbers." *See* Marron Decl., Ex. B; *Robbins*, Dkt. No. 46-9. Plaintiffs should be afforded the right to depose HelloWorld's 30(b)(6) witness on issues relevant to the underlying case, including those for which HelloWorld's VP of Technology has submitted a declaration in the case.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court, pursuant to Fed. R. Civ. P. 45, compel HelloWorld's compliance with the

---

[2] "[C]ourts have held that the adverse inference [of spoliation] is justified where evidence has been negligently destroyed…'[i]f a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence.'" *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 506 (W.D. Pa. 2011). "[T]he Court should determine whether [the] record retention policy is reasonable considering the facts and circumstances surrounding the relevant documents [and] whether the document retention policy was instituted in bad faith." *Id.* at 508.

Subpoenas, through issuance of an order directing HelloWorld (1) to produce all non-privileged documents responsive to Document Subpoena Request Nos. 1-7 and 17 as narrowed, within a week of this Court's order, by overnight mail to Plaintiffs' counsel's office; (2) to provide at the same time a privilege log, as required by Rule 45, for all such responsive documents that HelloWorld withholds on the basis of a claimed privilege; and (3) to identify its witness(es) on the Rule 30(b)(6) topics in the Deposition Subpoena, and available dates for the deposition, to be scheduled between one and two weeks after the document production.

Respectfully submitted,

Varnum

Attorneys for Plaintiffs and the Proposed Class

Dated: April 28, 2014

By:      /s/ Perrin Rynders
      Perrin Rynders (P38221)
Business Address, Telephone, and E-mail:
      P.O. Box 352
      Grand Rapids, MI  49501-0352
      (616 )336-6000
      prynders@varnumlaw.com

John W. Barrett
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jbarrett@baileyglasser.com

*Co-Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

BRYAN ROBBINS & MARVIN FEIGES,
on behalf of themselves, all others similarly
situated, and the general public,

      Plaintiffs,

v.

THE COCA-COLA COMPANY, a
Delaware Corporation,

      Defendant.

## CERTIFICATE OF SERVICE

      I hereby certify that Plaintiffs' Motion to Enforce Subpoenas was served on the following persons by First Class Mail on this 28th day of April, 2014 in the manner set forth below:

      Michael Q. English
      FINN DIXON & HERLING LLP
      177 Broad Street
      Stamford, CT 06901
      (first class mail)

           /s/ Perrin Rynders
           Perrin Rynders

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

BRYAN ROBBINS & MARVIN FEIGES,
on behalf of themselves, all others similarly
situated, and the general public,

      Plaintiffs,

v.                                                                          **ORDER**

THE COCA-COLA COMPANY, a
Delaware Corporation,

      Defendant.

Upon consideration of Plaintiffs Bryan Robbins and Marvin Feiges' Motion to Enforce Subpoenas, the opposition thereto and the entire record in the case, Plaintiffs' Motion to Enforce Subpoenas is hereby GRANTED.

_____          _____
Dated                                                                Signed